# NOS. 12-24-00143-CR
# 12-24-00144-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAUL ANTHONY ASHFORD, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

Paul Anthony Ashford, Jr. pleaded "guilty" to indecency with a child by sexual contact and aggravated sexual assault of a child as a lesser included offense of sex abuse of a child, continuous victim under fourteen.  In accordance with the agreed punishment recommendation, the trial court sentenced Appellant to twenty years in prison for the indecency offense and thirty years in prison for aggravated sexual assault.  Appellant appealed.

The clerk's record has been filed and the trial court's certifications state that this is a plea bargain case, and the defendant has no right of appeal.  The certifications are signed by Appellant and his counsel.  *See* TEX. R. APP. P. 25.2(d).  The clerk's record does not otherwise indicate that the trial court gave Appellant permission to appeal.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. ***Id***.  This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." ***Id***.  Based on

our review of the record, the trial court's certifications appear to accurately state that these are plea bargain cases and Appellant has no right to appeal. *See **Dears v. State***, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review record to determine whether trial court's certification is accurate). Because the trial court did not grant Appellant the right to appeal, we ***dismiss*** the appeals.

Opinion delivered June 12, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)